Filed 11/19/25  P. v. Gibson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FREDDY JAMES GIBSON,<br><br>    Defendant and Appellant. | C102354<br><br>(Super. Ct. No. 17FE022101)<br><br>Sacramento County |

Defendant Freddy James Gibson appeals from the denial of his postconviction petition seeking resentencing pursuant to Penal Code section 1172.6.[1]  Counsel for defendant filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, asking this court to exercise its discretion to review the entire record for arguable issues on appeal. Defendant also filed a supplemental brief in propria persona.  We will affirm.

---

[1]  Further undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2018, a jury found defendant guilty of premeditated attempted murder (§§ 664/187, subd. (a)), assault with a firearm (§ 245, subd. (a)(2)), and two counts of possession of a firearm having been convicted as a felon (§ 29800, subd. (a)(1)). As to the attempted murder count, the jury found true that defendant personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)), personally used a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (b)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and personally and intentionally discharged a firearm causing great bodily injury to the victim (§ 12022.53, subd. (d)). The jury also found defendant had two prior strike convictions (§§ 667, subd. (b)-(i), 1170.12, subd. (c)(2)).

The trial court sentenced defendant to 57 years to life, plus seven years four months in state prison.

In 2024, defendant filed a petition for resentencing under section 1172.6. In response, the People submitted copies of the verdict forms and jury instructions from the underlying trial and argued defendant was ineligible for resentencing as a matter of law because the jury was not instructed on the natural and probable consequences doctrine.

Prior to the hearing, the court issued a tentative order that found defendant was ineligible for resentencing under section 1172.6 as a matter of law and tentatively denied the petition. The tentative order stated: "In order to proceed to an evidentiary hearing, a petitioner must show that the conviction may have been obtained under a theory of murder or attempted murder under felony murder, a natural and probable consequences theory, or another theory of imputed malice. (§ 1172.6, subd. (a).) Appellate courts have affirmed ineligibility as a matter of law when the jury did not receive any instructions on an invalid theory of murder. [¶] The petitioner was convicted of attempted murder with premeditation and deliberation, which requires a specific intent to kill. [¶] As a matter of law, resentencing relief under section 1172.6 is not available to an actual killer. (§ 1172.6, subd. (a)(3)[.]) . . . . The record of conviction establishes the petitioner was

2

the sole perpetrator and the actual attempted killer.  Thus, he is ineligible for relief.  [¶]  Based upon the information provided by the parties in the briefs and the record of conviction, the changes to the laws regarding murder do not apply to the petitioner's attempted murder conviction."

At the hearing, the parties submitted the matter without argument.  The court denied the petition and adopted its tentative order.

Defendant filed a timely notice of appeal.

DISCUSSION

In *Delgadillo*, our Supreme Court considered whether the *Wende*[2] process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded it is not required.  (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.)  The Supreme Court laid out applicable procedures for such cases, explaining that when a defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion."  (*Id.* at p. 232.)  But the filing of a supplemental brief does not compel the court to independently review the entire record to identify unraised issues, though it may exercise its discretion to do so.  (*Ibid.*)

Defendant's supplemental brief raises various issues regarding his trial, including: (1) the jury instruction on attempted murder was misleading because defendant claims he has "never been charged with murder or attempted murder," (2) the trial testimony of the victim was inaccurate, and (3) exculpatory fingerprint and gunshot residue evidence existed.  These arguments challenge the proceedings leading to his original attempted murder conviction and sentence.  They are not cognizable in this appeal.  Section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error."

---

[2]  *People v. Wende* (1979) 25 Cal.3d 436.

3

(*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438, fn. omitted.) We decline to conduct an independent review of the record.

DISPOSITION

The order denying the section 1172.6 petition is affirmed.

/s/_____
WISEMAN, J.*

We concur:

/s/_____
MAURO, Acting P. J.

/s/_____
DUARTE, J.

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.